UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 12-1543 DSF (MRWx) | Date | 4/20/12 |
| Title | J.H. McQuiston v. City of Los Angeles, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

     Federal courts can exercise Article III jurisdiction only over a case or controversy in which a plaintiff has standing. Warth v. Seldin, 422 U.S. 490, 498-99 (1975). To establish standing, (1) the plaintiff must have suffered an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized and actual or imminent; (2) the injury must be fairly traceable to defendant's conduct and not the result of the independent action of a third party; and (3) it must be likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Allen v. Wright, 468 U.S. 737, 754 (1984). A plaintiff must show that he has a "personal stake in the outcome of the controversy," or that he has suffered "some threatened or actual injury resulting from the putatively illegal action." Warth, 422 U.S. at 498-99 (citations omitted).

     Federal courts are required sua sponte to examine standing. Bernhardt v. Cnty. of L.A., 279 F.3d 862, 868 (9th Cir. 2002) (citation omitted). Courts should accept as true all material allegations of the complaint, and construe the complaint in favor of the complaining party. Warth, 422 U.S. at 501.

     Plaintiff asserts that City Defendants granted a zoning variance to individual Defendants, and that the grant of the variance was unlawful. (E.g., Compl. ¶¶ 13-15.) The only injury alleged by Plaintiff is that abiding by the applicable zoning ordinances has prevented him from making more than his current income. (Id. ¶¶ 69-70.) Plaintiff does not allege that he has ever applied for a variance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Plaintiff's assertion that the government failed to act in accordance with the law does not confer jurisdiction.  See Allen, 468 U.S. at 754, 761.  Nor does the allegation that he has been harmed in his ability to make more money.  This injury is not traceable to Defendants' conduct – but rather to the generally applicable zoning ordinances – and it would not be redressed by a decision in Plaintiff's favor.

Because the Complaint does not allege facts showing that Plaintiff has standing, Plaintiff is ordered to show cause, in writing, on or before May 7, 2012 why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.