UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**MEMORANDUM**

JS 6

| Case No. | CV 12-1543 DSF (MRWx) | Date | 5/10/12 |
|---|---|---|---|
| Title | J.H. McQuiston v. City of Los Angeles, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) ORDER RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

     The Court issued an Order to Show Cause (OSC) why this case should not be dismissed for lack of subject matter jurisdiction. (Docket No. 11.) The Court has received Plaintiff's response. (Docket No. 12.) Plaintiff has failed to establish that he has standing to pursue this action. See Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (2001) (the "burden of establishing federal jurisdiction rests on the party seeking the federal forum"); Warth v. Seldin, 422 U.S. 490, 498-99 (1975) (standing is required for federal courts to exercise jurisdiction).

     Plaintiff asserts that City Defendants granted a zoning variance to individual Defendants, that the grant of the variance was unlawful, and that Plaintiff's compliance with the zoning ordinances has caused him monetary injury. (E.g., Compl. ¶¶ 13-15, 69-70.) In the response to the OSC, Plaintiff admits that the allegations in the Complaint "do not facially show that Plaintiff has standing." (Response ¶ 4.) Plaintiff claims that his injury is cognizable because the California Constitution prohibits the grant of privileges to certain citizens, but not others. (Id. ¶¶ 7-8.) Even if this injury is cognizable, Plaintiff has still failed to establish standing. Standing requires that the plaintiff's injury be fairly traceable to the defendant's conduct, and that it be likely to be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Here, Plaintiff's injury results from his compliance with the generally applicable zoning ordinances – it was not caused by City Defendants' grant of the allegedly unlawful variance or by individual Defendants' use of the variance. Moreover, even if the variance had never been granted to individual Defendants, this would not have enabled Plaintiff to use his property for purposes not permitted under the zoning ordinances.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**MEMORANDUM**

JS 6

As the Court lacks subject matter jurisdiction, the Court dismisses the action without prejudice.  See Freeman v. Oakland Unified School Dist., 179 F.3d 846, 847 (9th Cir. 1999) (noting that dismissals for lack of jurisdiction should be without prejudice).

IT IS SO ORDERED.